UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LEONORA NUNEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   1:16-cv-1077-JBM-JEH |
| | ) | |
| GORDON FOOD SERVICE, INC., | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER & OPINION

This matter is before the Court on Defendant Gordon Food Service's Motion for Summary Judgment (Doc. 12). For the reasons described below, Defendant's Motion is granted and the case is terminated.

### BACKGROUND[1]

Plaintiff's claim arises from a slip and fall incident at Defendant's store in February 2014. Sometime in the early afternoon of February 10, 2014, Plaintiff and her husband visited Defendant's store. It was winter and it had snowed four or five inches the previous day. Although some of the roads were clean, some of the roads were still in poor condition and Plaintiff's husband drove their Ford Explorer because it got better traction in the snow. Plaintiff was wearing snow boots and her husband wore tennis shoes.

---

[1] These background facts are drawn from the parties' respective statements of material facts, and are undisputed unless otherwise indicated. Facts that are immaterial to the disposition of the Motion for Summary Judgment are excluded.

When they arrived at Defendant's store, they discovered that the store's parking lot had not been cleared. They walked through about two to three inches of snow in the parking lot—enough to cover Plaintiff's husband's shoes—to the entrance. The sidewalk leading from the parking lot into the store was clear of snow and ice. Once they got into the store entrance, Plaintiff and her husband stopped in the carpeted vestibule. There, they each cleared the snow off of their footwear by stamping or tapping their feet; however, neither of them looked at the bottom of their footwear to ensure they were free of snow. As they left the vestibule and entered the store, Plaintiff noticed that there was moisture or snow that had apparently been tracked into the store by customers. Plaintiff did not inform Defendant's employees of this water.

After Plaintiff and her husband spent about ten minutes walking the aisles of the store, they headed down an aisle as they looked for bags.[2] At the time, Plaintiff's husband was about five feet away from her and they were the only people in the aisle. After grabbing a pack of kitchen garbage bags, Plaintiff went to step with her left foot and her left leg slid out from under her. Plaintiff fell onto her left side and Plaintiff's husband sought help. Eventually, an ambulance arrived to take Plaintiff to the hospital.

Neither Plaintiff nor her husband knew how long the water had been there. Plaintiff first noticed the moisture after she fell and her husband first noticed it as

---

[2] Neither Defendant nor Plaintiff offered facts detailing to the actual fall. For completeness, the Court supplements these facts from the Plaintiff's deposition. (Doc. 12-1). *See* Fed. R. Civ. P. 56(c)(3). This sentence and the remainder of this paragraph are pulled from Plaintiff's deposition.

2

he assisted her after she fell. Parties dispute whether there was just one spot or multiple moisture spots.

Plaintiff was unsure what the moisture was and could only say for certain that the moisture was clear. In his deposition, Plaintiff's husband stated that he believed that it was water that had come from snow melting off of peoples' shoes. Additionally, he stated that he did not observe any other possible source of water and had no reason to believe it came from anything other than snow melting off of shoes or boots.

On February 4, 2016, Plaintiff filed a negligence claim against Defendant in the Circuit Court of Peoria County, Illinois. (Doc. 1 at 1). Plaintiff alleged that Defendant's negligence caused her to slip and fall, which caused her to be severely and permanently injured and to sustain damages. (Doc. 1-1 at 5). Defendant was served on February 9, 2016. (Doc. 1 at 2).

On March 10, 2016, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1). The Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Illinois. (Doc. 1). Defendant is a Michigan corporation with its principal place of business in Michigan. (Doc. 1). The amount in controversy includes total billed charges of medical care in the amount of $207,045.95 and total benefits provided of $87,108, which exceeds the $75,000 amount in controversy requirement. (Doc. 1).

On March 2, 2017, Defendant filed this Motion for Summary Judgment. (Doc. 12). Defendant presents two arguments. First, Defendant argues that under Illinois law the "natural accumulation" law applies, which states that property owners and business operators are not liable for injuries resulting from the natural accumulation

3

of ice, snow, or water tracked inside from the outside. Second, Defendant argues that even if the natural accumulation rules does not apply, Plaintiff cannot establish that Defendant had either actual or constructive notice of the moisture.

On March 23, 2017, Plaintiff filed her Response to the Motion for Summary Judgment. (Doc. 13). In addition to presenting her arguments in her Response, Plaintiff disputed one fact—asserting there was more than one moisture spot in the aisle—and presented two more material facts—one, that there were twenty to twenty-five customers in the store, in addition to employees, and two, that there were only 7 aisles in the store. (Doc. 13 at 1). Defendant filed its Response to Plaintiff's Reply on March 31, 2017. (Doc. 14). Therefore, the matter is fully briefed and ready for decision.

**LEGAL STANDARDS**

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). However, the Court is "not required to draw every conceivable inference from the record"; the Court draws only reasonable inferences. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009) (quotations omitted).

4

To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Tech. Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars,* 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

A federal court sitting in diversity will look to the law of the state in which the district court sits to determine the applicable governing law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938). The accident took place in Illinois and parties agree that Illinois law governs.

Under Illinois law, which is unchallenged by Plaintiff, property owners and business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premise from the outside. *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 636 (Ill. App. Ct. 2009) (citing *Branson v. R & L Inv., Inc.*, 554 N.E.2d 624, 628 (Ill. App. Ct. 1990)). Additionally, property owners and business operator do not have a duty to remove the tracks or residue left inside the building by customers who have walked through natural accumulations outside the building; likewise, they do not have duty to warn of such conditions. *Id*. (citing *Roberson v. J.C. Penney Co.*, 623 N.E.2d 364, 367 (Ill. App. Ct. 1993) and *Walker v.*

*Chi. Transit Auth.*, 416 N.E.2d 10, 13 (Ill. App. Ct. 1980)). "It is irrelevant whether the natural accumulation remains on the property for an 'unreasonable' length of time." *Id.* (citing *Kellermann v. Car City Chevrolet-Nissan, Inc.*, 713 N.E.2d 1285, 1288 (Ill. App. Ct. 1999)).[3]

Under Illinois law, "[i]n cases involving injuries resulting from accumulations of ice, snow, or water, 'in order to withstand a motion for summary judgment, a plaintiff must come forward with sufficient evidentiary materials to permit the trier of fact to find that defendant was responsible for an unnatural accumulation of water, ice or snow that caused plaintiff's injuries.'" *Id.* (quoting *Bloom v. Bistro Rest. Ltd. P'ship*, 710 N.E.2d 121, 123 (Ill. App. Ct. 1999)).

## DISCUSSION

Plaintiff has failed to come forward with sufficient evidentiary material to permit the trier of fact to find that moisture was anything other than a natural accumulation of melted snow or that defendant was responsible for an unnatural

---

[3] Property owners and business operators can be liable for injuries resulting from an accumulation of ice, water, or snow, if the plaintiff establishes that the means of ingress or egress was unsafe for any reason other than a natural accumulation. *Reed*, 914 N.E.2d at 636. However, Plaintiff has not asserted any facts arguing that Defendant's ingress or egress was unsafe.

Additionally, Illinois Courts have also found an exception to the natural accumulation rule in cases where the plaintiff alleged the existence of a defect in the defendant's building or an underlying hazard or condition that caused the accumulation of the ice or snow. *Radovanovic v. Wal-Mart Stores East, Inc.*, No. 04-C-0014, 2006 U.S. Dist. LEXIS 4383, at *10-11 (N.D. Ill. Feb. 2, 2006) (citing *Bloom*, 710 N.E.2d at 123-124). Likewise, Illinois Courts have found liability for aggravating a natural condition. *Bernard v. Supervalu, Inc.*, No. 12-Cv-1482, 2013 U.S. Dist. LEXIS 162516, at * 8 N.D. Ill. Nov. 14, 2013) (citing *Bernard v. Sears, Roebuck & Co.*, 519 N.E.2d 1160, 1161 (Ill. App. Ct. 1988)). However, Plaintiff has not asserted any facts pertaining to either of these exceptions.

accumulation of water that caused Plaintiff's injuries; therefore, summary judgment for Defendant must be granted. Plaintiff admits that it had snowed several inches the day before; that Plaintiff and her husband walked through two to three inches of snow in the parking lot; and that although they cleared their footwear in the vestibule, neither of them checked the bottoms of their footwear to insure that they were clear. Additionally, Plaintiff admitted to observe moisture from tracked-in snow as she entered the store. Plaintiff admitted that the moisture she slipped in was a clear liquid, although she could not say with certainty what kind of liquid. Plaintiff's husband stated that it appeared that it was water that had melted off of snow on patrons' footwear as they stood in the aisle to grab things off the shelf. Therefore, the only facts asserted conclude that Plaintiff fell on the natural accumulation of melted snow that had been tracked into the store.

Plaintiff has provided no facts to support that there is a genuine issue over whether the slip was caused by moisture from melted snow. In order to survive summary judgment, Plaintiff must go beyond her pleadings and designate "specific facts showing there is a genuine issue for trial," because she will bear the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324. However, Plaintiff has not offered any facts that to support her allegation that the moisture on the ground was anything other than snow melted off of boots. *See, e.g., Reed*, 914 N.E.2d at 637 (affirming summary judgment for the defendant because "plaintiff failed to offer any evidence allowing a fact-finder to find that the puddle of water was anything other than a natural accumulation" for a fall at a laundromat on a rainy day). Rather than offer facts, Plaintiff has only offered the argument that "[t]here is nothing in the

record that suggest[s] that this was not a spill which the defendant failed to clean up." (Doc. 13 at 2). Plaintiff has offered no facts to support that assertion. Rather, an undisputed fact is that Plaintiff's husband stated that he "did not observe any other possible source of the water and has no reason to believe it came from anything other than snow melting off of people's shoes and boots." (Doc. 12 at 4).

Additionally, Plaintiff argues that because she describes the puddle being a solid, unbroken puddle the size of a sheet of paper, that that supports an inference that it must be a spill. However, this is speculation and Plaintiff has not offered factual evidence to support the inference of a spill. Speculation about the cause of the accumulation is insufficient to avoid summary judgment. *Domkiene v. Menards, Inc.*, No. 15-C-5732, 2016 U.S. Dist. LEXIS 119773, *8-9 (N.D. Ill. Sept. 6, 2016) (citing *Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 675 (7th Cir. 2012); *Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009); *Choi v. Commonwealth Edison Co.*, 578 N.E.2d 33, 37 (Ill. App. Ct. 1991) ("To establish a duty, the plaintiff *must make an affirmative showing* of an unnatural accumulation or an aggravation of a natural condition before recovery will be allowed.") (citation omitted) (emphasis added); *Frederick v. Prof'l Truck Driver Training Sch., Inc.*, 765 N.E.2d 1143, 1149 (Ill. App. Ct. 2002) ("An assertion based solely on speculation is not enough to raise a genuine issue of material fact.") (citation omitted). Plaintiff's husband saw snow melting off of shoes and did not observe any other source for the water. In order to survive summary

judgment, Plaintiff must bring forth specific facts showing that there is a genuine issue for trial. Plaintiff has not done so.[4]

Plaintiff also argues that direct evidence is not required to survive a motion for summary judgment because direct evidence is impossible to obtain. (Doc. 13 at 3). In support of her argument, Plaintiff cites to *Olinger v. Great Atlantic and Pacific Tea Co.*, 173 N.E.2d 443 (Ill. 1961). However, Plaintiff misinterprets her burden. Plaintiff is not required to provide direct evidence, but she must provide some factual evidence, direct or circumstantial, to support that there was a genuine issue of fact. Plaintiff, however, has offered none.

*Olinger* actually supports Defendant's position, not Plaintiff's. In *Olinger*, the plaintiff slipped and fell on a reddish substance at defendants' store. *Id.* at 472 Defendant sold a cold medicine (Coldene) that was red in color. *Id.* at 472-73. In order for the defendant to be liable, plaintiff needed to show that defendant was responsible for spilling the substance. *Id.* at 475. The Illinois District Court denied the defendants' motion for a direct verdict. *Id.* at 473. The Illinois Appellate Court overturned the Plaintiff's verdict. *Id.* In affirming the Illinois Appellate Court, the Illinois Supreme Court stated:

> "In the instant case, there is no direct evidence as to how the foreign substance came to be on defendants' floor. *Moreover, there is not even any evidence as to what that substance was.* No one testified that the substance was Coldene. The best that can be said of plaintiff's evidence is that plaintiff slipped on a reddish substance and defendant sold red cough medicine called Coldene. Only by the wildest speculation could it

---

[4] Plaintiff only disputed Defendant's proposed fact that the only spot of moisture was at Plaintiff's feet. (Doc. 13 at 1). Plaintiff argued that her husband testified that he spotted several spots of moisture. (Doc. 13 at 1). While this is a disputed fact, it is not material to the determination of whether the moisture was the natural accumulation of tracked-in snow. Therefore, it is not sufficient to preclude summary judgment.

9

be concluded from these facts that the substance on which plaintiff slipped was Coldene. Since the evidence failed to establish that the substance was related to defendants' operations, no inference could be drawn that the substance was more likely to have been dropped by defendants' servants . . . ."

*Id.* at 476 (emphasis added). Like in *Olinger*, Plaintiff has provided no evidence of any sort that that the source of the moisture was something other than melted snow. Plaintiff is asking the Court to infer that because the puddle was bigger than a piece of paper it must have been a spill is a speculation that is wilder than that in *Olinger*.

Plaintiff also asserts, correctly, that circumstantial evidence may be sufficient when an inference may be reasonably drawn from it. *Majetich v. P.T. Ferro Constr. Co.*, 906 N.E.2d 713, 718 (Ill. Ct. App. 2009). "Facts, however, will not be established from circumstantial evidence where more than one conclusion can be drawn." *Id.* (citing *Mort v. Walter*, 457 N.E.2d 18 (Ill. 1983)). Plaintiff argues that the size of the moisture spot must yield the inference that it was a spill; however, that is untrue. It could also yield the inference that a lot of snow had melted there. Especially, when considered with Plaintiff's husband's statement that he saw snow melting off of individuals' shoes while they helped his wife, that he saw a number of spots of moisture in the aisle, and that there was twenty to twenty-five customers in the store. Furthermore, circumstantial evidence is only sufficient if it is "of such a nature and so related as to make the conclusion more probably as opposed to merely possible." *Id.* Plaintiff's circumstantial evidence about the size of the moisture spot does not make the conclusions that it was a spill more probable; rather, at most, it would be a slight possibility compared to the inference that it was from melted snow. This insufficient to prevent summary judgment.

Plaintiff has failed to come forward with sufficient evidentiary material to permit the trier of fact to find that moisture was anything other than a natural accumulation of melted snow or that defendant was responsible for an unnatural accumulation of water that caused Plaintiff's injuries. Therefore, Defendant's Motion for Summary Judgment must be granted because Defendant owed no duty to remove the natural accumulation of residue from melted snow that is tracked into a building and Plaintiff has failed to allege that Defendant owed her a duty. Because the natural accumulation rule applies and Plaintiff has failed to allege that Defendant owed her a duty, the Court will not address Defendant's second argument that Defendant did not have actual or constructive notice of the moisture. *See Bilek v. Wal-Mart Stores, Inc.*, No. 1-16-3110, 2017 IL App (1st) 163110-U , ¶ 21 (explaining that constructive knowledge was "irrelevant in light of our conclusion that plaintiff presented no evidence that she slipped on anything other than a natural accumulation of water") (citing *Walker*, 416 N.E.2d at 10).

## CONCLUSION

Plaintiff has failed to come forward with sufficient evidentiary material to permit the trier of fact to find that moisture was anything other than a natural accumulation of melted snow or that defendant was responsible for an unnatural accumulation of water that caused Plaintiff's injuries; therefore, summary judgment for Defendant must be granted.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 12) is GRANTED.

CASE TERMINATED.

11

Entered this __22nd___ day of August, 2017.

                                                                           s/ Joe B. McDade
                                                                           JOE BILLY McDADE
                                                        United States Senior District Judge